[L. A. No. 991. In Bank.—October 7, 1902.]

## HARRIET W. R. STRONG et al., Respondents, v. E. J. BALDWIN et al., Appellants.

EASEMENT — PRESCRIPTIVE RIGHT TO DITCH — BURDEN OF PROOF. — In order to acquire a prescriptive right to an easement for a ditch across the land of another, the user must have been adverse, in the legal sense, and uninterrupted during the period of prescription. The right to use the ditch must have been continuously asserted under a claim of title with the knowledge and acquiescence of the owner of the land. The burden of proving this is on the party claiming the easement; and if he leaves it doubtful whether the enjoyment was adverse, known to the owner, and uninterrupted, it is not conclusive in his favor.

ID.—CAPACITY OF DITCH—SURVEY BY ENGINEERS—FINDING AGAINST EVI-
DENCE.—Where the evidence shows that the original capacity and
extent of user of the ditch was small, and was so continued for an
indefinite period, a measurement taken by engineers of the size
of the ditch at the commencement of the action is no criterion of
its original capacity, and cannot sustain a finding of adverse user
to the extent of its capacity as shown by such surveyors.

ID.—CHARACTER AND EXTENT OF EASEMENT—BURDEN OF PROOF.—The
character and extent of the easement for the ditch, claimed under
prescriptive right, are determined by the user under which it was
gained; and the burden is upon the claimant of such easement to
present clear and distinct evidence of the extent to which the
user has been exercised during the period of prescription.

ID.—ACTION TO PROTECT EASEMENT—RIPARIAN RIGHTS OF DEFENDANTS
—PLEADING—JUDGMENT.—In an action to protect the alleged ease-
ment for the ditch for user of water to irrigate the lands of the
plaintiffs, and to enjoin interference therewith, where it appears,
that some of the defendants claim riparian rights, the plaintiffs,
are entitled to have their claims as riparian owners specifically
stated, so that an issue may be presented thereupon, and that the
judgment of the court may determine the amount of water to which,
each riparian owner is entitled, and make suitable apportionment,
and provision therefor.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Works & Lee, for Appellants.

J. S. Chapman, for Respondents.

HARRISON, J.—Action to determine the right to an ease-
ment for a ditch upon the lands of the defendants.

The plaintiffs allege in their complaint that they are sev-
erally the owners of certain tracts of land within the Rancho
Paso de Bartolo Viejo, sometimes called the Ranchito, on
which trees and crops, for which irrigation is necessary, are
growing, and that there is a certain ditch known as the Rincon
Ditch, connecting with the San Gabriel River at a point on the
Rancho La Puente near its southwesterly boundary, and
extending for the distance of about a mile through said rancho
to and upon their said lands, by means of which there is

diverted from the said San Gabriel River, by them and other owners of lands upon the Ranchito, and conducted to their said lands, for the purpose of irrigating the same, six hundred inches of water, measured under a four-inch pressure; that they are the owners of, and entitled to the use of, the waters of said river, and to divert and conduct the same to and upon their lands to the said extent continuously during the irrigating season; that for more than twenty years last past they and their predecessors in estate have been diverting the waters of said river to said extent by means of said ditch; that such use has been continuous, uninterrupted, open, and notorious during the whole of said time and under a claim of right, and that they are entitled to continue said diversion to said extent; that the said Puente Rancho and the lands whereon the said ditch connects with the said San Gabriel River, belong to the defendant Baldwin; that they are desirous of cleaning out the said ditch across his said lands, and that he has forbidden them to enter thereon for that purpose, and threatens to prevent them from cleaning out the said ditch or making any use thereof. Wherefore they ask that the defendants be enjoined from interfering with the said ditch, or the diversion of the waters of the said river by means thereof, and from preventing the said ditch from being cleaned out and put in proper condition for use. In their answer to the complaint the defendants specifically denied all of its allegations, except the existence of the ditch and that the plaintiffs had used waters diverted from the San Gabriel River through it to their lands for the purpose of irrigation, and allege that the said ditch and the waters flowing through the same are owned by the defendant Baldwin, and that the use by the plaintiffs of the waters conducted through it to their lands has been solely by and with his consent, for which he has been paid an annual rental.

The defendant Baldwin also filed a cross-complaint against the plaintiffs and others who were made defendants thereto,— who are hereinafter called cross-defendants,—in which, after alleging his ownership of the Puente Rancho and other tracts of land, he set forth that the same border upon and are riparian to the San Gabriel River, and that all of the waters of said stream are needed for the proper irrigation of his said land and for domestic purposes, and that he is entitled to the use of said water during the irrigation season of each year;

that the said cross-defendants are, or claim to be, owners of real estate near the said San Gabriel River, but not riparian thereto; that he is the owner of, and in possession, and entitled to the possession of, a certain water ditch known as the Rincon Ditch, connecting with the San Gabriel River at a point on the Puente Rancho near its southwestern boundary, and extending to the lands of some of the said cross-defendants, through which he has diverted waters from the San Gabriel River, and that a part of the water so diverted by him has been with his consent conducted through said ditch and upon the lands of some of the cross-defendants; that the said cross-defendants are claiming to be the owners of a right to the waters so flowing and used by them, and are asserting ownership to the said ditch and to the waters diverted thereby from the San Gabriel River and carried through said ditch; that none of the said cross-defendants have any right, title, or interest in or to the said ditch, or to any of the waters taken from said river, and that their claim thereto is wholly without right. He therefore prayed that they be required to show by what right they claim any interest in said ditch or in the waters of said river, and that it be decreed that he is the owner and entitled to the use thereof. To this cross-complaint an answer was filed, in which the cross-defendants denied that Baldwin is the owner of or entitled to the use of the waters of the San Gabriel River, or is the owner, or in possession, or entitled to the possession, of the said ditch, or that they had diverted any of the waters of the river, or conducted the same through said ditch with his consent; and alleged that the said ditch was constructed more than twenty-five years before the filing of the cross-complaint by their grantors and predecessors in estate, and that from the time of its construction it had been used adversely by them and their said predecessors, and that during all of said time the waters of the said San Gabriel River, to the extent of the capacity of said ditch, had been by them and their predecessors openly, notoriously, continuously, and uninterruptedly taken and diverted to the extent aforesaid by and through the said ditch, under a claim of right so to do adversely to said Baldwin and to the whole world; that they are the owners of the said ditch and entitled to take the waters of the said river to the extent of its capacity, and to divert and conduct the same from the river by means of said ditch

to their lands for irrigation purposes, and are entitled to an easement upon the said Puente Rancho for its maintenance and use for that purpose.

Upon the trial of the cause the court found that Baldwin is the owner of that portion of the Puente Rancho upon which the said ditch connects with the San Gabriel River and through which it runs, but that he is not the owner, or in possession of, or entitled to the possession, of the said ditch; that the said ditch "is of a capacity to take from the said San Gabriel River and conduct over and across the lands of the defendant Baldwin a sufficient amount of water to deliver at and upon the lands of the plaintiffs and the defendants named in the cross-complaint, four hundred inches of water measured under a four-inch pressure constant flow"; that this amount of water is diverted by the cross-defendants by means of said ditch and conducted to their lands; that the ditch was constructed by the grantors and predecessors in estate of said cross-defendants more than forty years before the commencement of this action; that from the time of its construction the waters of the San Gabriel River "to the extent of the capacity of the ditch, as hereinbefore found," have been openly, notoriously, continuously, and uninterruptedly taken and diverted by and through said ditch by the cross-defendants and their predecessors in estate, and that the said ditch has been used therefor under a claim of right to do so adversely to the said Baldwin and to the whole world; that the use by the said cross-defendants of the said ditch and of the waters conducted thereby upon their lands has not been by the consent of said Baldwin; that they are the owners, and in the possession, and entitled to the possession, of the said ditch and the right to the use of the waters of the San Gabriel River by means thereof and to the extent aforesaid. The court thereupon found, as conclusions of law, that the cross-defendants are the owners of the said Rincon Ditch, and are entitled to divert and conduct through the said ditch the waters of the San Gabriel River "to the extent that after all loss accruing from seepage or other natural waste from the said ditch, there shall be delivered at the lands of the said cross-defendants four hundred inches of water measured under a four-inch pressure"; that they have the right to enter upon the Puente Rancho to build and maintain a dam in the San Gabriel River at the point of diversion of waters

therefrom by the said ditch, and to keep and maintain the said ditch and to repair the same when needed without any interference by the said Baldwin; that the said Baldwin be perpetually enjoined from interfering with the said ditch or preventing the same from being cleaned out, and from interfering with the diversion of the waters from the river to the extent aforesaid and by means of said ditch. Judgment accordingly was thereupon entered in favor of the cross-defendants and against Baldwin. From this judgment and an order denying a new trial he has appealed, and in support of his appeal contends that the foregoing findings of fact are not sustained by the evidence; that the evidence was insufficient to justify the finding that the respondents are the owners of the said ditch, or had acquired by adverse user the right to an easement for the ditch over his lands, and that there was no evidence that there had been an adverse user to the extent found by the court.

The Ranchito was granted by the Mexican government to Pio Pico in 1845, and a patent therefor issued to him by the United States in 1881. The respondents derive title to their lands under Pico—the first of his conveyances having been made to the plaintiff Strong, October 18, 1867, and the last to one Cohn, in 1883. The Puente Rancho was granted by the Mexican government in 1845, and a patent therefor issued by the United States April 19, 1867. The record does not show to whom the patent was issued, but it appears that the land was subsequently held by one Workman, and was foreclosed under a mortgage in 1879. The deed under the foreclosure was made to Camillo Martin for the appellant, and by him conveyed to the appellant in 1882.

The finding that the respondents are the owners of the Rincon Ditch, and of an easement upon the Puente Rancho for the purpose of maintaining it and conducting therethrough the waters of the said San Gabriel River to their lands on the Ranchito, is based entirely upon the finding that a prescriptive right to such easement was created before the appellant became the owner of the Puente Rancho. So, too, the finding that the ditch was not used by the respondents with the consent of the appellant, and the finding that the payment of rent by some of the respondents to him was made in ignorance of their right in the premises, rest upon the finding that at the time of such

payment said respondents had become the owners of the easement. The evidence clearly shows that almost immediately upon his becoming such owner the appellant demanded compensation for the privilege of conducting the water over his land, and that from the year 1882 until shortly before the commencement of this action leases were made by him and compensation paid to him therefor. The fact that the respondents did not personally pay him any compensation is immaterial. It sufficiently appears that compensation for the privilege was paid by persons who were selected on the part of the occupants of the Ranchito to care for the ditch and to provide them with water through the ditch, and who assessed and collected the amount so paid from the people who used the ditch and the waters conducted through it. Unless, therefore, the finding that the enjoyment of the easement had ripened into a title thereto by prescription prior to the time that Baldwin became the owner of the Puente Rancho can be sustained, the judgment in favor of the respondents must be reversed. "In order that the enjoyment of an easement in another's land may be conclusive of the right claimed, it must have been adverse in the legal sense of the term,—that is, the right must have been asserted under a claim of title with the knowledge and acquiescence of the owner of the land and uninterrupted. The burden of proving this is on the party claiming the easement. If he leaves it doubtful whether the enjoyment was adverse, known to the owner, and uninterrupted, it is not conclusive in his favor." (*American Co.* v. *Bradford,* 27 Cal. 360.)

It sufficiently appears from the evidence that as early as 1855 there was a ditch near the present location of the Rincon Ditch by which water was conducted from the San Gabriel River through the Puente Rancho to the Ranchito, and used by tenants of Pico for the irrigation of the lands in the Ranchito, and that since that time water from the San Gabriel River has been so conducted and used by the people on the Ranchito. It does not appear by whom the ditch was made, or the circumstances under which it was constructed, but it does appear that it was from time to time cleared of obstruction and made serviceable by the people on the Ranchito, and that whenever the dam at its head was washed out it was replaced by them. Lambourne, who was manager of the Puente Rancho for

Workman from October, 1861, to the spring of 1875, testified
that there was a "tacit consent" by Workman that the ditch
might be used by these people, and that he made no objection
to the use of the water, but that there were no "arrange-
ments" between them.  If. Workman was at that time the
owner of the Puente Rancho, and gave his consent to people
on the Ranchito that they might use the ditch, their subsequent
use of it would not be adverse until they should in some mode
signify to him or his successors an adverse claim to its use.
It is, however, not necessary to determine whether the evi-
dence before the court was such as to authorize it to hold that
the use of the ditch was so adverse to the owner of the Puente
Rancho as to create a prescriptive right to its use; but the
further contention by the appellant that the evidence does
not sustain the finding of the court that the ditch had been
used for more than forty years prior to the commencement
of the action, or for a length of time sufficient to create a
prescriptive title thereto, to an extent sufficient to deliver upon
the lands of the respondents four hundred inches of water
measured under a four-inch pressure constant flow must be
upheld.  This finding of the court rests upon the testimony of
certain engineers by whom measurements of the capacity of
the ditch and of the amount of water conducted through it
had been made.  The present action was commenced in April,
1896, and the cause was tried in the year 1899, and the first
of these measurements was made in the same month that the
action was commenced.  Aside from these engineers only one
of the many witnesses who testified at the trial gave any testi-
mony as to the quantity of water carried by the ditch at any
time, and only two as to the size or capacity of the ditch.
Montijo testified that he began to farm on the Ranchito in
1873, and that the ditch was then "a very small creek," and
that the quantity of water running in it was "a hundred
inches more or less"; that after 1873 it was enlarged, but he
was unable to state how much it was enlarged, or how long
after 1873 the enlargement was made.  He is the only witness,
other than the engineers, who gave any testimony concerning
the quantity of water carried by the ditch or taken from the
San Gabriel River.  Bellasei, who was water overseer upon
the Ranchito in 1871, testified that at the beginning the main
ditch carried "a little water," but that during that year the

ditch was made five feet wide on the bottom. He left the ranch in 1880, and had not lived there for five years prior to the trial, and when asked how the size of the ditch when he left corresponded with what it was when constructed in 1871, he said: "I have not paid any attention to it, but according to what I see there, I don't see any material change. I have not noticed any change." Bryant, who first worked on the Puente Rancho about 1875, testified that when he first knew of the ditch it did not measure over three feet across the top, and was from a foot to eighteen inches in depth, just as the ground lay. Nothing was said by either of these witnesses about the quantity of water conducted through the ditch, and their testimony related to a period long anterior to the measurements of the engineers. Their testimony as to the size of the ditch was no criterion from which the court could determine its capacity or the quantity of water flowing through it. (See *Last Chance Ditch Co.* v. *Heilbron,* 86 Cal. 1; *Smith* v. *Hawkins,* 120 Cal. 86.)

The testimony of these witnesses, either as to the capacity of the ditch or the quantity of water conveyed by it, was insufficient to justify the court in making the above finding. The character and extent of an easement claimed by prescription are determined by the user under which it is gained. (*North Fork Water Co.* v. *Edwards,* 121 Cal. 662; Gould on Waters, sec. 242.) And the burden is upon him who would establish by user a prescriptive right to an easement to present clear and distinct evidence of the extent to which the user has been exercised. It must be held, therefore, that the finding as to the extent to which the respondents had acquired the right of an easement over the lands of the appellant, is not sustained by the evidence.

The appellant in his cross-complaint alleged "that the plaintiffs and the other parties to this cross-complaint are, or claim to be, owners of real estate near the said San Gabriel River, but not riparian thereto," and are taking water from the river and carrying the same through the ditch. In their answer thereto the respondents denied that "all of the said parties defendants to the said cross-complaint are owners of tracts of land not riparian to the said stream," and alleged that many of said parties are owners of land through which the said stream flows. The appellant demurred to the answer of the

cross-defendants upon the grounds of uncertainty and ambiguity in that it did not allege which of the said defendants are the owners of such riparian land or the quantity of water required for any of their lands as such riparian owners. The court overruled this demurrer, and upon the trial found that the lands of some of the defendants to the cross-complaint border upon the San Gabriel River and are riparian thereto, but does not find which of said defendants are such owners, or the extent of the ownership. This ruling of the court upon the demurrer is assigned by the appellant as error.

In the action as originally brought by the plaintiffs the question of riparian rights to the water was not presented, and this question was first brought into issue by the answer to the cross-complaint. Under the conclusion reached by the court at the trial of the cause, its action upon the demurrer became immaterial, but to the extent that any of the respondents would claim a right to the waters of San Gabriel River by reason of their land being riparian thereto, the appellants were entitled to have their claim specifically stated, so that an issue could be presented thereon, and that the court in its judgment might determine the amount of water to which each of such riparian owners may be entitled, and make suitable apportionment and provision therefor.

The judgment and order denying a new trial are reversed.

Van Dyke, J., McFarland, J., and Temple, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.