[S. F. No. 3278.　Department One.—May 2, 1905.]

## SEBASTIAN FRANZ, Respondent, v. FRANCISCO A. MENDONCA, Appellant.

EASEMENT—PRESCRIPTIVE RIGHT OF WAY—SUPPORT OF FINDINGS—LAW OF CASE—PREVIOUS AFFIRMANCE OF ORDER GRANTING NEW TRIAL.— In an action to enjoin the defendant from obstructing a private way, in which plaintiff relies upon a prescriptive title to the easement, the principles announced upon a former appeal, granting a new trial, which necessarily determined that the evidence was of such a nature as would sustain a finding of adverse user, must be deemed the law of the case upon a second appeal; and where, as the result of the new trial, the court found that the plaintiff had acquired a prescriptive title to the easement, upon substantially the same evidence, it cannot be held, upon the second appeal, that the finding is unsupported.

ID.—EVIDENCE — ORIGINAL GIFT OF WAY — CONTINUOUS USER UNDER CLAIM OF RIGHT.—Evidence given by the plaintiff, that more than forty years ago defendant's predecessor gave the title to the private way to the plaintiff, is consistent with the theory that plaintiff based a claim of right upon the gift, and has been using the way under such claim of right ever since.

ID.—LOSS BY DISUSE—SUPPORT OF FINDINGS—INTERFERENCE WITH USER —LEGAL PROCEEDINGS.—A finding of continuous user by the plaintiff and his tenants for thirty-seven years, when defendant prevented further use, negatives loss by disuse during that period, and is sustained by evidence of user to some extent each year by plaintiff and his tenants, and that upon interference therewith legal proceedings were promptly begun to enforce plaintiff's right.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

John D. Whaley, for Appellant.

The element of hostility is essential to adverse user. (*Thompson* v. *Felton*, 54 Cal. 547; *McManus* v. *O'Sullivan*, 48 Cal. 7; *Farish* v. *Coon.* 40 Cal. 33; *American Co.* v. *Bradford*, 27 Cal. 367; *Franz* v. *Mendonca*, 131 Cal. 208; *Thomas* v. *England*, 71 Cal. 460; *Clarke* v. *Clarke*, 133 Cal. 670.) The easement has been lost by non-user by defendant. (Civil Code, sec. 811, subd. 4; *Arnold* v. *Stevens*, 24 Pick. 106;[1] *Pope* v. *O'Hara*, 48 N. Y. 446; *Hall* v. *McCaughey*, 51 Pa. St. 43; *Owen* v. *Field*, 102 Mass. 114; *Winham* v. *McGuire*, 51 Ga. 578; *Wilder* v. *St. Paul*, 12 Minn. 208; *Farrar* v. *Cooper*, 34 Me. 394.)

Reed & Nusbaumer, for Respondent.

The evidence is the same as on the former appeal, which is the law of the case. (*Franz* v. *Mendonca*, 131 Cal. 205; *Mahan* v. *Wood*, 79 Cal. 258.) The reasonable user of the road openly, notoriously, and visibly, as need required, each year for thirty-seven years, was sufficient to perfect title under an adverse claim of right, presumably known to be adverse. (Washburn on Easements, pp. 114, 135; 19 Am. & Eng. Ency. of Law, p. 23; *Hesperia Land etc. Co.* v. *Rodgers*, 83 Cal. 10;[2] *Cheney* v. *O'Brien*, 69 Cal. 199; *Smith* v. *Worn*, 93 Cal. 206; *Cox* v. *Forrest*, 60 Md. 74-79; *Rogers* v. *Shepard*, 33 W. Va. 307; *Smith* v. *Putnam*, 62 N. H. 369; *French* v. *Marstin*, 24 N. H. 440;[3] *Cornet* v. *Rhudy*, 80 Va. 710; *Blake* v. *Everett*, 1 Allen, 248; *Ward* v. *Warren*, 82 N. Y. 265; *Colburn* v. *Marsh*, 22 N. Y. Supp. 990; 68 Hun, 269.) The fact that defendant likewise used the way is not fatal to plaintiff's right. (*Humphreys* v. *Blasingame*, 104 Cal. 40; *Carmody* v. *Mulrooney*, 87 Wis. 552.)

ANGELLOTTI, J.—This action was brought to obtain an injunction to prevent defendant from obstructing, and from preventing the plaintiff from passing over, a certain byway or alleged private road over the lands of defendant, and for damages. The first trial resulted in a judgment for defendant. The court afterwards granted the plaintiff a new trial, from which order the defendant appealed to this court, and

[1] 35 Am. Dec. 305.          [3] 57 Am. Dec. 294.
[2] 17 Am. St. Rep. 209.

the order was here affirmed. (*Franz* v. *Mendonca,* 131 Cal. 205.) The case was again tried in the court below, and resulted in a judgment for plaintiff, from which and from the order denying his motion for a new trial the defendant prosecutes this appeal. In his complaint the plaintiff claims the right of way by reason of necessity, by reason of it being the only mode of ingress and egress to and from his lands, and also by prescription. It was stipulated in open court at the commencement of the trial that the plaintiff would abandon any claim to the way by reason of necessity, or that the way was the only mode of ingress and egress to and from the plaintiff's lands. This left the case to be tried solely upon the claim that plaintiff had acquired the way by prescription.

The court found that continuously from 1858 to 1895 the plaintiff and his tenants did "uninterruptedly, peaceably, notoriously, and visibly, with the knowledge of the grantors of said defendant, and without any permission from the grantors, or any of the grantors of said defendant, travel over, upon, and along said private road to and from his said dwelling to said public highway; that said use of said private road by plaintiff was under a claim of right, and was adverse to the possession of the grantors of defendant, and grew up with a knowledge thereof by defendant's grantors."

The above finding, in so far as it finds that the use of the way was without permission and under a claim of right, and adverse to defendant and his grantors, is challenged by defendant as being without evidence to support it, and this is the principal point for reversal made upon this appeal.

Upon the former appeal from the order granting the plaintiff's motion for a new trial the principal point discussed both by counsel and the court was as to whether the evidence was such that it would sustain a finding that plaintiff's use of the road in question was under a claim of right and without permission of defendant's grantors. If it would not, there was apparently no ground upon which the order granting a new trial could be sustained, and this appears to have been the view of both counsel and this court. This court discussed the evidence presented by the record on that appeal, and the general principles by which the question as to whether the use was adverse should be determined. It was recognized by the court that the question as to whether a use was merely

permissive, where no permission or license had been expressly given, was one to be determined by the jury or court sitting as such, in the light of the relations between the parties and all the surrounding circumstances. By affirming the order granting a new trial, it necessarily held that the evidence contained in the record as to the relations of the parties and the surrounding circumstances was of such a nature that it would have sustained a finding of adverse use.

We have examined the evidence given upon the new trial, as the same is shown by the bill of exceptions on this appeal, and find that it is substantially the same as that considered upon the former appeal. · Defendant's counsel has pointed out several particulars in which he claims that the evidence on the second trial was different from that given on the first trial, but there is no difference that is material upon the question as to whether the finding of the trial court as to adverse use finds sufficient support in the evidence. Counsel places much reliance upon the evidence of plaintiff to the effect that Vallejo, the original owner of defendant's land, gave him the right to this road over forty years ago, claiming that it shows simply a permissive use. Plaintiff said, among other things, "I always thought the road was mine. Vallejo, when I talked to Vallejo, he gave me the right, when Vallejo was up to my house he gave me title to it." The evidence given by plaintiff is consistent with the theory that he based a claim of right to the use of the road upon a gift from Vallejo, and that he has been using it under such claim of right ever since.

Under these circumstances there is much strength in the claim of plaintiff that if it was not error for the court to set aside a judgment rendered in favor of defendant upon the ground that the decision was against the evidence, it certainly cannot be error for the court to render judgment for the plaintiff upon the same evidence. (See *Raymond* v. *Glover*, 144 Cal. 548.) However this may be, there can be no doubt that what was said in the former opinion as to the general principles applicable in this case must obtain in the determination of the question between these parties as to whether the use was adverse, and has become the law of this case. (See *Mahan* v. *Wood*, 79 Cal. 258.) It is sufficient to say that an examination of the record satisfies us that, under the rules announced,

it cannot be held that the finding of the trial court is without sufficient support in the evidence.

The same may be said as to such finding, in so far as it declares that the use of plaintiff was with the knowledge of defendant's grantors.

It is contended that the right to the use of this road has been lost by disuse by plaintiff. (Civ. Code, sec. 811, subd. 4.) Upon this question, the finding of the trial court is against defendant, the court finding that plaintiff personally and continuously used the same from the year 1858 to the year 1872, and that he and his tenants continuously used it from the year 1872 to April, 1895, when defendant prevented the further use thereof. This action was commenced June 1, 1896. There was evidence to the effect that the road was used to some extent by plaintiff or his tenants each year, and that when this use was interfered with the first time, in the year 1895, plaintiff at once asserted his claim, and almost immediately followed such assertion with legal proceedings to enforce his right. It cannot be held that the finding upon this question is not sustained by the evidence.

There is no other point requiring notice.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.