GIERVOLINI, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF RODRÍGUEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 1348.—Decided May 18, 1916.

SERVITUDE—RIGHT OF WAY—PRIVATE ROAD—NUISANCE.—The closing or obstruction of a private road is a nuisance within the meaning of section 277

of the Code of Civil Procedure; therefore an action may be maintained by the owner of the said road or right of way for the abatement of such nuisance.

ID.—RIGHT OF WAY—PRIVATE ROAD—TOLERANCE OR INDULGENCE.—The mere fact that a person closes a road or trail through his property by building a fence across it on his own property, thereby depriving an adjoining owner of his usual means of ingress and egress which through nude tolerance or indulgence the said adjoining owner had been permitted to use for some definite period, gives him no right of action.

INJUNCTION—NUISANCE—PERSONAL ACTION—An action brought for the abatement of a nuisance by injunction, based on section 277 of the Code of Civil Procedure, is a personal and not a real action.

RIGHT OF WAY—PERSONAL ACTION—PROPERTY RIGHT.—A personal action to remove an obstruction to a right of way is based upon and is brought to protect and enforce a property right, wherefore it follows that if the right is not clear the action must fail.

The facts are stated in the opinion.

*Mr. Rafael R. Rivera Zayas* for the appellant.

The appellee did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This is not a proceeding for the restorative interdict of the Civil Law as defined by an act entitled "An Act to provide proceedings for the recovery of the possession of real property," approved March 13, 1913. It is an action for the abatement of an alleged nuisance and for injunction brought under section 277 of the Code of Civil Procedure, which reads as follows:

"Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance and the subject of an action. Such action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

It has been held that the obstruction of a private right of way is a nuisance within the meaning of this section, and that an action may be maintained by the owner of said right of way for the abatement of such nuisance. *Hardin* v. *Sin Claire,* 115 Cal. 460; *Franz* v. *Mendonca,* 131 Cal. 205, 146 Cal. 640.

The petition herein alleged, among other things, that petitioner is the owner of a rural property therein described, bounded on the west by the Coamo river and lands of respondents; that the said property has no other means of ingress and egress than a road constantly and permanently used, traversing said lands of respondents at a point least prejudicial thereto and nearest the public road; that such private way has existed in favor of the property of petitioner who has been continuously in possession thereof and constantly using the same prior to 1889 and from time immemorial; that in January, 1914, respondents, without the consent and against the will of petitioner, proceeded to obstruct the said way, building a wire fence across the same which they refuse to remove notwithstanding the repeated demands of petitioner; that by reason of such nuisance petitioner is deprived of the free use and comfortable enjoyment of his property in that he cannot perform the acts necessary to the administrative management of his said premises, being unable without exposure to serious loss to remove therefrom wood, cattle and other products.

Defendants admitted the closing of the road but denied the existence of a servitude.

The essential findings of the court below are that petitioner is the owner of the parcel of land first described in the petition; that the road, path or trail traversing the premises of respondents had been used for many years as a means of ingress and egress to and from the property of petitioner; that the same had been closed by respondents as alleged; that petitioner failed to show use or possession of the road from time immemorial as alleged, and, therefore, that the alleged acquisition of the right of way by prescription had not been established.

The judgment rendered is to the effect that the law and the facts are against the petitioner and in favor of respondents and that the action be dismissed without specific pronouncement as to costs.

Appellant does not question directly the correctness of any of the findings of the court below but insists that the court misunderstood the nature of the action and meaning and scope of certain allegations of the complaint, and went beyond the issues involved in passing upon the question of conflicting claims as to real property rights. The argument assails the reasoning of the trial judge and the grounds upon which he rested his decision rather than the decision itself. The brief apparently proceeds upon some vague theory that any interference whatsoever with the use and enjoyment of property is a nuisance, regardless both of what constitutes a nuisance and of all rights of adjoining property owners— the inference being that the mere fact that respondents close a road or trail through their own property by building a fence across it on their own property, coupled with the circumstance that the adjoining property of petitioner is thereby deprived of its usual means of ingress and egress, which through nude tolerance or indulgence petitioner had been permitted to use for some indefinite period prior to such closure, gives him a right of action. We are not aware of any case which so holds nor of any legal principle that can sustain such a view.

If, therefore, the court erred, as alleged, in construing the petition to mean interference with the use and enjoyment of the easement rather than of the alleged dominant estate, we wholly fail to perceive what prejudice appellant has suffered through such error. The claim to the right of way is based solely and exclusively on the alleged immemorial use prior to the adoption of the Spanish Civil Code. Petitioner utterly failed to show title by prescription and there is not a scintilla of evidence or the remotest inference from any averment of the petition as to any other possible source of title or legal right of way.

We quite agree with appellant that the present is a personal rather than a real action, and, for the purposes of this

opinion, it may be conceded that the trial court erred in so far as it was inclined to regard the present litigation as a proper and adequate opportunity finally to. determine the status of the property involved, beyond the point as to whether or not petitioner had established *prima facie* · his claim to a right of way over the land of respondents and his consequent right to the relief for which he prayed. But the personal action is expressly based upon, and is brought to protect and enforce, a property right. It follows that if the right is not clear the action must fail. It is too plain for serious discussion that if petitioner has no right of way over respondent's land, he has no cause of action against respondent under section 277 of the Code of Civil Procedure by reason of any facts alleged in his petition.

We are not now concerned with any question as to the . possible effect of the judgment herein as *res judicata* in some subsequent real action, nor with the reasoning of the trial judge; but need only consider whether or not the judgment, . viewed in the light of the pleadings and of the findings of fact, is sound. So regarded, there is no room whatever for doubt as to the correctness of the conclusion reached by the trial court.

In the case of *Giménez* v. *Guarch,* 11 P. R. R. 67, relied upon by appellant, the trial judge, in the judgment appealed from, in which were embodied full findings of fact and conclusions of law, said:

"The court is of opinion that Dolores Giménez de Quiñones, in accordance with the concession granted by. the Municipal Council of Caguas, has a right to use the strip of land left between her house and that of the Estate of Guarch y Ríos, and that by building an extension to the house last mentioned her rights are infringed upon."

This court, in affirming that judgment, used the following language:

"As there is no statement of facts in the record containing an authentic statement of evidence taken at the trial, we must hold that

the findings of the trial court upon the evidence are correct, and we cannot therefore discuss the same in the absence of such a statement of facts to serve as a basis therefor, as has been repeatedly announced by this Supreme Court." * * *.

"The action prosecuted is not a real action but is a personal action, and consists in the interruption by the Estate of Guarch y Ríos of the peaceful enjoyment by Dolores Giménez de Quiñones of a house belonging to her through the construction, without any right whatever and contrary to agreement with the municipality of Caguas, upon the alley which should exist between the said house and that of the Estate of Guarch y Ríos." * * *.

In the case at bar respondents did not place any obstruction upon premises which did not belong to them or to the use of which petitioner had any legal right, nor, in so far as the evidence discloses, did they do anything that they had not a perfect right to do. It is hard to imagine a more typical instance of *damnus absque injuria.*

In any event the case of *Giménez* v. *Guarch,* in so far as it may be regarded as open to the interpretation sought to be given it by appellant or otherwise in conflict with the general principles upon which we base our conclusion herein, cannot be followed.

We do not deem it necessary to discuss in detail the various errors assigned. No other logical result was possible upon the case as made, and whatever minor errors may have been committed are harmless.

The judgment must be

*Affirmed.*

Justice Wolf, del Toro and Aldrey concurred.
Mr. Chief Justice Hernández concurred in the judgment.