GÍERBOLINI, DEMANDANTE Y APELANTE, *v.* SUCESIÓN RODRÍGUEZ, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *injunction.*

No. 1348.—Resuelto en mayo 18, 1916.

SERVIDUMBRE DE PASO — CAMINOS PRIVADOS — PERTURBACIÓN O ESTORBO (NUISANCE).— La interrupción o cierre de un camino privado constituye una perturbación (*nuisance*) según · el artículo 277 del Código de Enjuiciamiento Civil, por lo que puede establecerse una acción por el dueño de dicho camino o servidumbre de paso con el fin de que cese la perturbación.

ID.—PASO POR TOLERANCIA O CONDESCENDENCIA—COLINDANTES.—El mero hecho de cerrar un propietario un camino o paso por su propia finca levantando una palizada a través del mismo en su dicha finca que prive a un colindante de entrada y salida a su finca, cuando por mera tolerancia o condescendencia permitió aquél al colindante que usara del camino por algún período de tiempo indefinido, no confiere derecho de acción a dicho colindante.

INJUNCTION—PERTURBACIÓN O ESTORBO (NUISANCE)—ACCIÓN PERSONAL.—La acción establecida con el objeto de hacer cesar una supuesta perturbación o estorbo (*nuisance*) y para que se decrete un auto de *injunction* conforme al artículo 277 del Código de Enjuiciamiento Civil, es una acción personal y no real.

SERVIDUMBRE DE PASO—ACCIÓN PERSONAL—DERECHO DE PROPIEDAD.—La acción personal para hacer desaparecer la obstrucción de una servidumbre de paso se funda y establece expresamente para proteger y hacer valer un derecho de propiedad, de donde se desprende que si el derecho no es claro la acción tiene que fracasar.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael R. Rivera Zayas.*

La demandada no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Este no es un procedimiento en solicitud de un interdicto reparador de la Ley Civil, como se define en la ley titulada "Ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble," aprobada en marzo 13, 1913. Es una acción establecida con el objeto de hacer cesar una supuesta perturbación o estorbo, y para que se decrete un acto de *injunction,* de acuerdo con el artículo 277 del Código de Enjuiciamiento Civil, el cual prescribe lo siguiente:

"Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquiera persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por dicha perturbación; y la sentencia podrá ordenar que cese aquélla así como decretar el resarcimiento de los perjuicios."

Se ha resuelto que la interrupción o cierre de un camino particular constituye una perturbación (*nuisance*) según el significado de este artículo, y que puede ser establecida una acción por el dueño de dicho camino o servidumbre de paso, con el fin de que cese tal perturbación (*nuisance*). *Hardin* v. *Sin Claire,* 115 Cal. 460; *Franz* v. *Mendonca,* 131 Cal. 205, 146 Cal. 640.

La petición que ha sido presentada en este caso alega, entre otros particulares, que el demandante es dueño de una finca rústica que en dicha petición se describe en lindes por el oeste con el río Coamo y tierras de los apelados; que dicha finca no tiene otra vía de entrada y salida que un camino de uso constante y permanente a través de los terrenos de los apelados por la parte menos perjudicial y de menor distancia al camino público; que dicho camino ha existido a beneficio de la finca del peticionario, quien lo ha venido poseyendo y utilizando constantemente con anterioridad al año

1889, y desde fecha ya olvidada; que en el mes de enero de 1914, los apelados sin el consentimiento y contra la voluntad del demandante, procedieron a obstruir dicha vía, construyendo sobre la misma una cerca de alambre, la que se niegan a remover, a pesar de las reiteradas instancias del demandante; que a consecuencia de dicha perturbación (*nuisance*), el demandante se encuentra privado del libre uso y cómodo goce de su propiedad, en cuanto no puede ejercer ampliamente las gestiones administrativas que dicha finca requiere sin exponerse a graves perjuicios, no pudiendo extraer de ella, maderas, ganados y demás productos.

Los demandados admitieron lo relativo al cierre del camino, pero negaron la existencia de una servidumbre.

Los hechos esenciales que han sido declarados probados por la corte inferior, son que el demandante es el dueño de la finca que se describe en primer lugar en la petición; que el camino, paso, o sendero que atraviesa la finca del demandado había sido usado por muchos años como vía de entrada y salida de la finca del demandante; que dicho camino ha sido cerrado por los apelados como se ha alegado; que el peticionario dejó de probar el uso o posesión del camino desde tiempo inmemorial como fué alegado, y, por tanto, que la pretendida adquisición del derecho de servidumbre de paso por prescripción no había sido probada.

La sentencia pronunciada es, en efecto, que la ley y los hechos están en contra del peticionario y a favor de los apelados, y que debe declararse sin lugar la demanda sin especial condenación de costas.

El apelante no ataca directamente la corrección de ninguna de las conclusiones a que llegó la corte inferior, pero insiste en el hecho de haber apreciado erróneamente dicha corte la naturaleza de la acción y el significado y alcance de ciertas alegaciones de la demanda y que fué más allá de las cuestiones envueltas en la discusión al resolver la cuestión de reclamaciones opuestas respecto a los verdaderos derechos de propiedad. El razonamiento impugna más bien el criterio del

juez sentenciador y los fundamentos que sirvieron de base a su decisión que la decisión misma. El alegato se funda aparentemente en cierta vaga teoría de que cualquier intervención con el uso y disfrute de la propiedad es una perturbación (*nuisance*), prescindiendo tanto de lo que constituye una perturbación, como de todos los derechos de los propietarios colindantes, siendo la deducción la de que el mero hecho de cerrar los apelados un camino o paso por su propia finca levantando una palizada a través del mismo en su finca, unido esto a la circunstancia de que la finca colindante del peticionario queda por tal motivo privada de su medio habitual de entrada y salida, camino que por mera tolerancia o condescendencia se ha permitido que use el peticionario por algún período de tiempo indefinido anterior a dicho cierre, confiere un derecho de acción al peticionario. No sabemos de ningún caso en que se sostenga ese criterio como tampoco ningún principio legal que pueda sostenerlo.

Por tanto, si la corte incurrió en error, como se alega, al interpretar la petición en el sentido de que lo que en ella se quiere decir es una intervención en el uso y disfrute de la servidumbre más bien que con el supuesto predio dominante, no podemos comprender en absoluto qué perjuicio ha sufrido el apelante con motivo de dicho error. El derecho al paso se funda única y exclusivamente en el supuesto uso inmemorial con anterioridad a la adopción del Código Civil Español. El peticionario dejó de probar por completo el título por prescripción y no existe la más leve prueba, ni la más remota deducción de ninguna de las alegaciones de la petición, respecto a ningún otro posible origen del título o derecho legal de servidumbre.

Estamos enteramente de acuerdo con el apelante en que ésta es más bien una acción personal que real y para los fines de esta opinión puede admitirse que la corte inferior cometió error en tanto se inclinó a considerar la presente acción como una oportunidad debida y adecuada para resolver en definitiva la condición de la propiedad en cuestión

yendo más allá del punto relativo a si el peticionario había establecido o no *prima facie* su derecho a un camino por la finca de los apelados y su consiguiente derecho al remedio que solicitó. Pero la acción personal se funda expresamente y establece para proteger y hacer valer un derecho de propiedad. De donde se desprende que si el derecho no es claro, la acción tiene que fracasar. Es una cuestión demasiado clara para merecer seria consideración que si el peticionario no tiene derecho al camino por la finca de los apelados, tampoco tiene causa de acción contra dichos apelados de acuerdo con el artículo 277 del Código de Enjuiciamiento Civil por razón de cualesquiera hechos que haya alegado en la petición.

No nos interesa ninguna cuestión referente al efecto que pueda tener la sentencia dictada en este caso como *res judicata* en alguna acción real subsiguiente, ni el razonamiento de la corte sentenciadora, sino que sólo tenemos que considerar el hecho de si examinada la sentencia a la luz de las alegaciones y conclusiones de hecho, es o no correcta. Considerada de tal modo no hay lugar a dudas de ninguna clase en lo que respecta a la conclusión a que llegó la corte sentenciadora.

En el caso de *Giménez* v. *Sucesión Guarch,* 11 D. P. R. 69, citado por el apelante, en la sentencia apelada que comprendía extensas conclusiones de hecho y de derecho se expresó en los siguientes términos:

"La corte entiende que la Sra. Doña Dolores Giménez de Quiñones, de acuerdo con la concesión del Concejo Municipal de Caguas, tiene derecho a usar el espacio de terreno dejado entre su casa y la de la Sucesión Guarch y Ríos, y que con la fabricación de una extensión de esta última casa, se infringen sus derechos."

La corte al confirmar esa sentencia dijo lo siguiente:

"Como no hay en el récord escrito de exposición de hechos, en el que conste de modo fehaciente el resultado de las pruebas practicadas en el juicio, debemos estimar que la corte sentenciadora apreció debidamente esas pruebas, sin que por tanto podamos discutir

tal apreciación, faltando como nos falta aquel escrito de exposición de hechos que habría de servirnos de base para hacerlo, según repetidas resoluciones de esta Corte Suprema.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"No es real la acción ejercitada, sino personal, y consiste en la perturbación que ha causado la Sucesión Guarch y Ríos a Doña Dolores Giménez de Quiñones en el cómodo goce de una casa de su propiedad, edificando sin derecho alguno y contra lo convenido con el ayuntamiento de Caguas en el callejón que debe existir entre dicha casa y otra de la Sucesión Guarch y Ríos." &ast; &ast; &ast;

En el presente caso los apelados no crearon ningún estorbo en terrenos que no les pertenecían o a cuyo uso el peticionario tenía algún derecho, ni ejecutaron acto alguno, al menos según aparece de la prueba, que no tuvieran perfecto derecho a ejecutar. Es difícil imaginarse un ejemplo más típico de *damnum absque injuria.*

De todos modos el caso de *Giménez* v. *Guarch,* en tanto puede considerársele como sujeto a la interpretación que pretende darle el apelante o que de algún otro modo está en conflicto con los principios generales en los cuales fundamos nuestra decisión en este caso no puede servir de precedente.

No consideramos necesario discutir en sus detalles los varios errores que han sido alegados. Ni era posible llegar a ningún otro resultado lógico tal como el caso fué presentado, no siendo perjudiciales cualesquiera errores de menos importancia que hayan podido cometerse.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández firmó "conforme con la sentencia."