SMITH (THELUSSON v.). See Case No. 13,878.

SMITH (THOMPSON v.). See Cases Nos. 13,976 and 13.977.

SMITH (TOWNE v.). See Case No. 14,115.

## Case No. 13,116.

### SMITH v. TRABUE.

[1 McLean, 87.] [1]

Circuit Court, D. Kentucky. May Term, 1830.

EJECTMENT — SUB-TENANTS — JUDGMENT — LIMITATIONS — NOTICE — RESTITUTION.

1. Tenants who enter under other tenants, on whom notice in an ejectment has been served, will be subject to the judgment. But this rule is not without limitation.
[Cited in Bruff v. Thompson, 31 W. Va. 31, 6 S. E. 360.]

2. The judgment in the ejectment does not suspend the operation of the statute of limitations. To do this there must be an actual change of possession, or an agreement by the tenant to hold under the lessors of the plaintiff.
[Cited in Mabary v. Dollarhide (Mo. Sup.) 11 S. W. 613.]

3. Where a judgment in an ejectment has been suffered to remain eleven years, before any step was taken to change the possession, a tenant of the defendants, though he entered subsequent to the commencement of the action, and before judgment, is not liable to be turned out of possession without notice. The limitation of the statute is seven years, and the tenant who has occupied eleven years, should have some opportunity of showing his right.

4. Where a tenant has been improperly turned out of possession, a writ of restitution is the proper mode of redress.

[This was an action of ejectment by the lessee of Samuel Smith against Trabue's heirs.]

Mr. Wickliffe, for plaintiff.
Mr. Haggin, for defendants.

OPINION OF THE COURT. The defendants represented to the court in writing, that

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

the above action of ejectment was brought and a notice served on Hiram and William Bryant, the tenants of the defendants. That in May term, 1818, a judgment was entered, but no writ of habere facias possessionem was issued. That in November term, 1818, a judgment was entered against other tenants, and on the 17th November, 1829, a writ of possession was issued and John Evans, who lived on the place occupied by the Bryants when the suit was brought, was turned out of possession.

On this statement of facts a rule was entered on the lessor of the plaintiff, to show cause why a writ of restitution should not be awarded, to restore the possession to the tenants of the defendant, who had thus been turned out of possession. The rule in this case having been served on the attorney of the plaintiff who appeared in the case, the court will decide the motion. It is a well established rule, that all persons who enter into the possession of premises, under tenants on whom a notice had been served, in an action of ejectment for the same premises, no notice need be served on them, but they will be subject to be turned out of possession under the judgment. But this rule is not without limitation. A judgment in an action of ejectment against a defendant who holds adversely, does not of itself suspend the statute of limitations. To do this, there must be a change of possession. It is true, the judgment fixes the right of entry in the lessor of the plaintiff, if he can make an entry without force. But if he fail to make his entry, either with or without a writ of possession, the statute of limitations will continue to operate against the right. A mere entry, while the tenant remains in possession will not oust him, but he must be turned out of possession, or acknowledge the right of the lessor of the plaintiff, by consenting to hold under him. Nothing short of this will stop the statute.

In the present case, judgment was obtained in the ejectment at November term, 1818; and the writ of possession under which Evans was turned out of the possession, did not issue until the 17th November, 1829. Here was a lapse of eleven years, being four years more than the limitation fixed by the statute. The title and possession of Trabue's heirs were adverse to the right of the plaintiff, and unless the mere obtainment of a judgment in an ejectment, without any change in the possession, shall suspend the operation of the statutes, it is difficult to see how, in the present case, Evans' plea of the statute can be disregarded. And, as he has been turned out of possession without notice, and without having an opportunity of setting up a right under the statute or otherwise, we think the writ of possession must be quashed, and a writ of restitution awarded, to restore him to the possession.

This case was taken to the supreme court on a writ of error, but the writ was dismissed on

the ground that the decision of the court was not a judgment on which a writ of error will lie. 9 Pet. [34 U. S.] 4.