'(June, 11, 1901.)'

## DAVIS v. DEVANNEY.

[65 Pac. 500.]            !

Appeal—Judgment Unsupported by Pleadings and Findings.—Upon appeal a judgment which is not supported by the pleadings and findings will be reversed.

Adverse User—Title by Prescription.—A prescriptive title cannot be founded upon use and occupation, which is not adverse to the title of the owner, but which is under permission of such owner.

(Syllabus by the court.)

APPEAL from District Court, Lincoln County.

L. L. Sullivan, for Appellants.

The parties to this action never were parties in any suit in which the right to the use of any of the said waters of Little Wood river was decreed to them, and even if the respondent was granted the right to the use of any of said water it can have no binding force whatever upon either of the said appellants, as they were not parties to the action in which such a judgment was rendered. (*Stocker v. Kirtley,* 6 Idaho, 795, 59 Pac. 891; 2 Black on Judgments, sec. 600.)    One cannot obtain a right by prescription or adverse user when occupying

and having the possession of property under lease or contract of purchase. The findings of fact must support the judgment. (*Kinsey v. Green*, 51 Cal. 379.) The answer contains no averment of ownership. (*Parke v. Boulware*, ante, p. 490, 63 Pac. 1045.)

Guy C. Barnum, for Respondent.

The objections contained in plaintiff's brief as to the insufficiency of the answer to raise the issue of adverse use or prescriptive right is disposed of in the case of *Alhambra Addition Water Co. v. Richardson*, 72 Cal. 598, 14 Pac. 379.

QUARLES, C. J.—This action was commenced by the appellants, as plaintiffs, to quiet the title claimed by them in and to a certain ditch and dam, and to obtain a perpetual injunction restraining the defendant, respondent here, from interfering with their use and occupation of said ditch and dam. The answer denies title in the appellants, and, among other things, alleges: "That the defendant built and constructed said ditch and dam, and is, and has always been, the owner thereof exclusively for seven years last past; and said plaintiffs, nor either of them, nor their predecessors in interest, nor any of them, have ever had any interest in, or right or title to, said ditch or dam, but said defendant has always been the sole and exclusive owner thereof, as alleged above." The trial court found that the ditch and dam in question were constructed in the year 1886 by Charles Copeland under the employment of S. B. Calderhead; that in the year 1891 said Calderhead sold the same to the said Copeland; that from May 5, 1894, respondent used said ditch for the purpose of irrigating his lands, and had kept the same in repair; that from 1886 to the commencement of the action said Copeland, and his successors in interest, had used said dam and ditch; that the plaintiff C. W. Davis purchased the lands of said Copeland, together with his interest in and to the waters conveyed by means of said dam and ditch; that the plaintiff Thomas Marren purchased one-half of the interest of said Davis in said dam and ditch, but does not find the date of said purchase. The court then finds in the twelfth finding of fact that the defendant,

James Devanney, "has used said dam and ditch for the purpose of irrigating his said lands, as aforesaid, for six (6) years last past," and that said Devanney had rebuilt and repaired said ditch and dam each and every year for the past six years for said purpose. The court then finds as conclusion of law as follows. "That all of these parties, to wit, C. W. Davis, Thomas Marren, and James Devanney, are owners jointly of said ditch and dam down to the west line of C. W. Davis' land, it being the land entered by Copeland; that James Devanney is the sole owner of the ditch which passes through his land herein described, and to all of said ditch situated on his land; that, before said Thomas Marren shall be permitted to take of the waters flowing through said ditch, said James Devanney shall be supplied with the amount of water heretofore decreed to him." Judgment was rendered in conformity with said conclusion of law. Plaintiffs prepared, served, and filed a bill of exceptions, setting forth all of the evidence heard, and which bill of exceptions contains specifications of error and specifications wherein the evidence is insufficient to support the findings of fact and the judgment. Plaintiffs appealed from said judgment, which appeal was taken and perfected within sixty days from the entry of judgment.

It is contended by the appellants that, inasmuch as the answer contained no prayer or demand for affirmative relief, the judgment rendered is not supported by the pleadings. Appellants also contend that the findings of fact do not support the judgment. The court does not find that the defendant constructed the dam and ditch as claimed by him, but finds adversely to the contention of the defendant upon this point. The court does find that said defendant had used said dam and ditch for the last six years, but does not find that he used the same under, and claimed any right adversely to, the title asserted by the plaintiffs and their predecessors in interest. The evidence discloses the fact that the defendant's use of said ditch was as follows: For about two years under a contract to purchase the lands now owned by plaintiffs, and to which said ditch appears to be appurtenant, from one Frank Gooding, but which contract to purchase was never completed, but was can-

celed. For the next succeeding two years, another party spoken of in the evidence as "the little Frenchman," held said land and ditch under a contract to purchase the same from said Gooding, but this contract was never completed, and the lands reverted back to said Gooding; but while said Frenchman held the same the defendant used said ditch and lands with his permission. Then for about two years following, Pat Devanney, a son of the defendant, held said lands and ditch under contract to purchase from said Gooding, but this contract was never completed, and said land and ditch reverted back to said Gooding, the defendant using the ditch during the two years that his son held the same. The evidence shows that plaintiffs purchased from said Gooding. While the finding of fact that the defendant used said ditch for six years is correct, it is apparent from the evidence that such use was a permissive one, and not such as possesses any of the elements of adverse user upon which a title by prescription could be founded. The pleadings do not support the judgment. The findings of fact are incomplete, and do not support the judgment. A title by prescription cannot be obtained by permissive use and occupation. For the foregoing reasons, the judgment is reversed, and the cause remanded to the district court for further proceedings consistent with the views herein expressed. Costs are awarded to the appellants.

Sullivan, J., concurs.

Stockslager, J., did not sit at the hearing, and took no part in the decision.