(November 2, 1918.)

## C. A. BOWER et ux., Respondents, v. B. H. KOLLMEYER et al., Appellants.

[175 Pac. 964.]

REAL PROPERTY—STATUTES OF LIMITATION—ADVERSE POSSESSION.

1. One who establishes his legal title to real estate is presumed to have been possessed of the property within the time required by law, and its occupation by another is deemed to have been in subordination to the legal title unless it appears that it has been held and possessed adversely thereto for five years.

2. For such property to be deemed to have been held adversely, otherwise than by virtue of a written instrument, it must appear that there has been actual continued occupation of the land under claim of title.

3. Where there is no proof showing that actual occupation was accompanied by a claim, or an intention, inconsistent with the title of the owner, an adverse claim based upon such occupation cannot be allowed.

[As to what amounts to color of title sufficient to sustain adverse possession, see notes in 14 Am. Dec. 580; 88 Am. St. 701.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Suit for injunction and to quiet title. Judgment for plaintiffs. *Modified.*

Longley & Walters, for Appellants.

A prescriptive title cannot be founded upon use and occupation which is not adverse to the title of the owner. (*Davis v. Devanney,* 7 Ida. 742, 65 Pac. 500; *Unger v. Mooney,* 63 Cal. 586, 49 Am. Rep. 100; *Crocker v. Dougherty,* 139 Cal. 521, 73 Pac. 429; *Lucas v. White,* 120 Iowa, 735, 98 Am. St. 380, 95 N. W. 209.)

"It must be hostile in its inception and it must continue hostile throughout the whole statutory period." (*Illinois Cent. Co. v. Houghton,* 126 Ill. 233, 9 Am. St. 581, 18 N. E. 301, 1 L. R. A. 213; *Gildehaus v. Whiting,* 39 Kan. 706, 18 Pac. 916; *McDonald v. Fox,* 20 Nev. 364, 22 Pac. 234; *Sommer v. Compton,* 52 Or. 173, 96 Pac. 124, 1065; *Zeller v. Eckert,* 4 How. (U. S.) 289, 11 L. ed. 979.)

"If the possessor disclaims title in himself, it prevents his acquiring title by the running of the statute of limitations." (*English v. Doe,* 7 Ga. 387; *Colvin v. Burnet,* 17 Wend. (N. Y.) 564; *De Lancey v. Hawkins,* 23 App. Div. 8, 49 N. Y. Supp. 469; *Hindley v. Metropolitan Elevated Ry. Co.,* 42 Misc. Rep. 56, 85 N. Y. Supp. 561.)

It must be held under a claim of title, exclusive of any other right, as one's own. (*Garrison v. McGlockley,* 38 Cal. 78; *Lovell v. Frost,* 44 Cal. 471; *Thompson v. Pioche,* 44 Cal. 508, 517.)

It must be continuous and uninterrupted for a period of five years prior to the commencement of the action. (*San Francisco v. Fulde,* 37 Cal. 349, 99 Am. Dec. 278; *City of San Jose v. Trimble,* 41 Cal. 536.)

"Essence of adverse possession is that the holder claims right to his possession, not under, but in opposition to title to which his possession is alleged to be adverse." (*Farrish v. Coon,* 40 Cal. 33.)

"The character of the possession to be adverse must be such as to give a right of action to real owner, and this is necessary to set the statute of limitation running in favor of an adverse owner." (*Hanson v. McCue,* 42 Cal. 303, 10 Am. Rep. 299; *Humphreys v. Blasingame,* 104 Cal. 40, 37 Pac. 804; *Faulkner v. Rondoni,* 104 Cal. 140, 37 Pac. 883; *Sullivan v. Zeiner,* 98 Cal. 346, 33 Pac. 209, 20 L. R. A. 730.)

He who has the legal title to real property is presumed to have the right to the possession thereof until better right is shown. (*Lamme v. Dodson,* 4 Mont. 560, 587, 2 Pac. 298; *Peter v. Stephens,* 11 Mont. 115, 28 Am. St. 448, 27 Pac. 403.)

It must be shown by a preponderance of the evidence that the true owner had actual knowledge of the hostile claim, or that the adverse possession was so open, visible and notorious as to raise a presumption of notice to the world that the right of the true owner was invaded intentionally and with a purpose of asserting a claim of title adverse to such owner. (*Trask v. Success Min. Co.,* 28 Ida. 483, 155 Pac. 288; *McDaniel v. Sloss-Sheffield etc. Co.,* 152 Ala. 414, 126 Am. St. 48, 44 So. 705; *Brown v. Brown,* 18 Ida. 345, 110 Pac. 269.)

"A mere passive possession, without intent to claim the property, is insufficient, regardless of the length of time such a possession continues, or whether it is open, notorious or exclusive, as the rights of the parties are not determined by the possession, but by the character of the possession." (*Pioneer etc. Trust Co. v. Board of Education,* 35 Utah, 1, 136 Am. St.

1016, 99 Pac. 150; *DeFrieze v. Quint*, 94 Cal. 653, 28 Am. St. 151, 30 Pac. 1; *Balch v. Smith*, 4 Wash. 497, 30 Pac. 648; *Harvey v. Tyler*, 2 Wall. (U. S.) 328, 17 L. ed. 871.)

Guthrie & Bowen and Ostrom & Green, for Respondents.

The respondent has no color of title and claims none, and therefore his case must stand on claim of right, and it is his contention that the facts surrounding the initiation of use of the ditch make out a clear claim of right.

"Use in ordinary or appropriate way is sufficient adverse possession." (*Coryell v. Cain*, 16 Cal. 567, 573; *English v. Johnson*, 17 Cal. 107, 116, 76 Am. Dec. 574; *Brumagim v. Bradshaw*, 39 Cal. 24; *Webber v. Clarke*, 74 Cal. 11, 17, 15 Pac. 431; *Kockemann v. Bickel*, 92 Cal. 665, 28 Pac. 686.)

"The claimant's possession, and its continuity will be sufficient if by his acts and conduct it is apparent to men of ordinary prudence that he is exercising and asserting ownership over the property; and for this purpose it is necessary to take into consideration the nature, character and location of the property; and the uses to which it is fitted or to which it has been put." (1 R. C. L. 717; *Swan v. Munch*, 65 Minn. 500, 60 Am. St. 491, 67 N. W. 1022, 35 L. R. A. 743; *Hesperia Land & Water Co. v. Rogers*, 83 Cal. 10, 17 Am. St. 209, 23 Pac. 196.)

An omission to use when not needed does not disprove a continuity of use, shown by using it when needed. (*Bodfish v. Bodfish*, 105 Mass. 317.)

The law makes certain allowances for change of ownership, as in the case of the transfer from Heyl to the respondent. (2 Corpus Juris, 112, par. 182; Minor & Wurtz on Real Property, sec. 848; *Beasley v. Howell*, 117 Ala. 499, 22 So. 989; 14 Cyc. 1156.)

"A possession not taken and held by contract or purchase is adverse to all the world from its inception." (*Boone v. Chiles*, 10 Pet. (U. S.) 177, 9 L. ed. 388; *Bowman v. Wathen*, 1 How. (U. S.) 189, 11 L. ed. 97.)

"There is no absolute, unvarying rule as to what will constitute an adverse possession. It must always depend in a great degree upon the circumstances of each case, and is a question of fact rather than law." (*Grafton v. Grafton,* 8 Smedes & M. (16 Miss.) 77.)

MORGAN, J.—Respondents, the owners of certain farm lands, claiming the right to convey water thereon through the east half of.the northeast quarter of section 33, township 9 south, range 15 east, Boise meridian, belonging to appellants, brought this action, among other purposes, to quiet their title to and to enjoin appellants from interfering with, the use of a ditch constructed across the land above described. Appellants filed an answer and cross-complaint wherein they prayed that respondents be enjoined from interfering with their said property and for other relief.

Respondents' title to the land sought to be irrigated from the ditch was derived, by purchase in 1909, from one Heyl, who dug the ditch in 1906, when appellants' land was unoccupied and unimproved. Water was taken through it at different times each year until 1914, when the use thereof was interrupted by appellants. Respondents claim title to the easement by adverse possession, relying upon the use of the ditch by Heyl during the years 1907 and 1908, and by some parties who occupied a house upon their land and used the water for livestock and domestic purposes during the fall of 1909, and by their own use thereof during 1910, 1911, 1912 and 1913.

Heyl testified that he never claimed any right to, or interest in, the eighty acres of land above described; that he did not have, or claim to have, an easement across it; that had the owner of the land come along during the time he had a crop growing in the season of 1908 and told him to stop, he would have procured legal advice and would have held possession of the ditch to protect his crops if he could; that he did not know whether he had a right to use it or not, and, when asked if he claimed the right to use the ditch, he answered: "Well, I used it."

The record discloses that Heyl's purpose in constructing this ditch was to procure water with which to grow crops upon his land in 1907 and 1908, in order that he might make proof and procure title to it pursuant to the "Carey Act" of Congress (Act Aug. 18, 1894, c. 301, sec. 4, 28 Stat. 422, 5 U. S. Comp. Stats. (1916), sec. 4685, 8 Fed. Stats. Ann., 2d ed., p. 698), which he did, and, in 1909, sold it, as above stated, to respondents.

It is conclusively established that Heyl neither had nor claimed to have a right founded upon a written instrument or otherwise, to construct or use the ditch across appellants' land; that his occupancy was not adverse to the possession of the owners, and that he had no intention of initiating a hostile claim.

One who establishes his legal title to real estate, as appellants did in this case, is presumed to have been possessed of the property, within the meaning of Rev. Codes, secs. 4036 and 4037, wherein is provided the time within which actions to recover real estate must be commenced, and defenses arising out of title to such property must be made, and its occupation by another is deemed to have been in subordination to the legal title, unless it appears that it has been held and possessed adversely to such legal title for five years. (Rev. Codes, sec. 4039.) For such property to be deemed to have been held adversely, otherwise than by virtue of a written instrument, it must appear that there has been actual continued occupation of the land under a claim of title. (Rev. Codes, sec. 4042.) Where, as in this case, there is no proof showing that actual occupation was accompanied by a claim, or an intention, inconsistent with the title of the owner, an adverse claim, based upon such occupation, cannot be allowed. (*Davis v. Devanney*, 7 Ida. 742, 65 Pac. 500; *Blake v. Shriver*, 27 Wash. 593, 68 Pac. 330; *Yesler Estate v. Holmes*, 39 Wash. 34, 80 Pac. 851; *Peter v. Stephens*, 11 Mont. 115, 28 Am. St. 448, 27 Pac. 403; *Harvey v. Tyler*, 2 Wall. 328, 17 L. ed. 871; *Probst v. Presbyterian Church*, 129 U. S. 182, 9 Sup. Ct. 263, 32 L. ed. 642; *Jasperson v. Scharnikow*, 150 Fed. 571, 80 C. C. A. 373, 15 L. R. A., N. S., 1178; *Colvin v.*

*Land Assn.*, 23 Neb. 75, 8 Am. St. 114, 36 N. W. 361; *Mc-Daniel v. Sloss-Sheffield etc. Co.*, 152 Ala. 414, 126 Am. St. 48, 44 So. 705; *Sommer v. Compton*, 52 Or. 173, 96 Pac. 124, 1065; *McDonald v. Fox*, 20 Nev. 364, 22 Pac. 234; *Maple v. Stevenson*, 122 Ind. 368, 23 N. E. 854.)

Since the occupancy of the land by Heyl was not with the intention upon his part, nor of a character, to initiate title by prescription, and since that of respondents was of shorter duration than required to establish their claim (Rev. Codes, sec. 4036) or defeat the title of appellants (Rev. Codes, sec. 4037), there is error in those portions of the findings of fact, conclusions of law and decree which declare respondents to be the owners, and entitled to the possession of, and quieting their title to, the ditch described therein as running across the east half of the northeast quarter of section 33, township 9 south, range 15 east of the Boise meridian, and enjoining appellants from interfering with the use thereof.

This cause is remanded to the trial court with instructions to modify the findings of fact, conclusions of law and decree, in accordance with the views herein expressed so as to give appellants judgment, upon their cross-complaint, restraining respondents from interfering with their use and possession of the land above described and awarding costs, heretofore incurred in the district court, in such manner as, in the discretion of the judge thereof, may appear to be just. In all other respects the judgment appealed from is affirmed. Costs upon appeal are awarded to appellants.

Budge, C. J., and Rice, J., concur.