[Civ. No. 3488.  Second Appellate District, Division One.—February 17, 1921]

## LENA M. HOLLOWAY, Appellant, v. WILLIAM H. HOLLOWAY, Respondent.

[1] DIVORCE — DESERTION — ADULTEROUS RELATIONS WITH SERVANT — REMONSTRANCE AS TO ILLICIT RELATIONS.—A husband who voluntarily leaves the common abode of his wife and himself because of her objection to his indulgence in adulterous conduct with a servant and of her remonstrance with him over his conduct with other women is guilty of desertion.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Fred H. Taft, Judge.  Reversed.

The facts are stated in the opinion of the court.

John C. Miles for Appellant.

No appearance for Respondent.

SHAW, J.—Plaintiff herein sued for a divorce; alleging that defendant, on the twenty-fifth day of December, 1916,

1.  What constitutes desertion, notes, 119 Am. St. Rep. 617; 138 Am. St. Rep. 146.

willfully and without cause deserted and abandoned, and has ever since said date and for more than one year next preceding the commencement of this action, so continued to desert and abandon her, without her will or consent.

Defendant made default, and upon trial of the case the court, on October 30, 1919, found that on December 25, 1916, defendant voluntarily left the common abode of plaintiff and himself "because of the plaintiff's objections to the defendant indulging in adulterous conduct with a servant," and that such "voluntary absence from the plaintiff has continued ever since said date, . . . The court further finds that the plaintiff did not refuse to continue to live with the defendant, but that the plaintiff remonstrated with the defendant over his conduct with other women and from the evidence this was the cause of the defendant leaving the plaintiff." As a conclusion of law, the court found that plaintiff was not entitled to any relief.

[1] It thus, we think, clearly appears that defendant was guilty of the desertion of plaintiff. The effect of the court's action in denying the relief prayed for was to hold that defendant's desertion of plaintiff was due to her fault in objecting to his adulterous conduct with a servant and remonstrating with him as to his illicit relations, and hence he was justified in the act of desertion. In this we cannot agree with the learned trial judge. While she might, as stated by the court, have based her action upon the ground of adultery, such fact did not preclude the assertion of the right to a decree based upon any other existing ground prescribed in section 92 of the Civil Code as cause for divorce.

The judgment is reversed and the trial court directed to enter an interlocutory decree of divorce in favor of plaintiff upon the findings.

Conrey, P. J., and James, J., concurred.