(No. 5055. March 21, 1929.)

L. T. KELLEY, OTIS KELLEY and W. A. MABEY, Respondents, v. EDMOND W. SMITH, Appellant.

[276 Pac. 302.]

J. W. Taylor, for Appellant,

Bothwell & Chapman, for Respondents.

GIVENS, J.—Respondents and their predecessors in interest constructed and used, until destroyed by appellant, a ditch through appellant's premises. This action was instituted to have it decreed that respondents have a prescriptively acquired easement for such ditch through appellant's premises; that appellant be restrained from interfering with the ditch; and for damages. The ditch was constructed after appellant had filed on the land through which it runs, but prior to occupancy thereof by appellant.

Respondents do not seriously contest that a permissive use cannot be the basis of a prescriptive right; nor that a permissive use cannot become adverse until the change in the user's attitude is brought (actually or constructively) to the knowledge of the owner; and that possession having begun in consistency with the rightful title, it must appear that its character has been changed; otherwise its possession will retain its original quality through any succession of occupants of the land and will be presumed to be in submission to the dominant interest; but they urge that a decision of the trial court resting on sufficient though conflicting evidence will not be disturbed, and that herein the evidence is sufficient to show an adverse use for the prescriptive period, known as such to appellant.

This court has announced as applicable herein the following doctrine:

An adverse claim based on occupation for the prescriptive period must show actual occupation accompanied by a claim or an intention inconsistent with the title of the owner. (*Bower v. Kollmeyer*, 31 Ida. 712, 175 Pac. 964.) That there was occupation here is not questioned. Appellant contends that the occupation was not adverse; respondents contend that it was.

Passing over the legal situation when the ditch was first constructed, in 1911–1912 the course of the ditch was changed. It cannot be said that reasonable minds might not legitimately differ as to whether the rights claimed at that time by respondents' predecessors in interest were adverse or permissive. The determination of which way the evidence preponderated was for the trial court and we cannot say he erred in finding and concluding in favor of the respondents.

The judgment is affirmed.

Costs awarded to respondents.

Budge, C. J., and Wm. E. Lee and Varian, JJ., concur.