(No. 6538.   May 13, 1938.)

THE VILLAGE OF FAIRVIEW, a Municipal Corporation, Appellant, v. FRANKLIN MAPLE CREEK PIONEER IRRIGATION COMPANY, a Corporation, et al., Respondents.

[79 Pac. (2d) 531.]

Arthur W. Hart and Merrill & Merrill, for Appellant.

P. J. Evans, for Respondents.

GIVENS, J.—The Village of Fairview, situated in Franklin county, with a population of about four hundred fifty people, owns its own water system, which, as to the amount of water, is inadequate, and to remedy this situation in 1932 purchased a tract of land about nine miles northeast with all appurtenant water rights from Levi Oliverson, who through mesne conveyances deraigned title from John C. Whitehead. Upon this land there arises a small spring of water referred to as the ''Whitehead Spring.'' A short distance to the north

of this spring, and upon the lands owned by the defendant, Charles Baker, arises another small spring referred to as the "Baker Spring."

On October 16, 1905, a decree adjudicating the rights to the waters of Maple Creek was entered in the District Court of the Fifth Judicial District of the State of Idaho, in and for Oneida county (which then included the territory now embraced in Franklin county), wherein J. J. Flack was plaintiff and Franklin Maple Creek Pioneer Irrigation Company was defendant and there were various interveners, including John C. Whitehead, who was awarded 2.5 cubic feet per second of time, with a priority of 1885. There is no specific reference in said decree, pleadings or proof as to the waters of the two springs above mentioned.

In the case at bar respondents contend said decree was *res judicata* of the use of the waters of these particular springs, while appellant contends the use of said springs was not involved in the Flack litigation, and even though impliedly therein adjudicated, that appellant and its predecessors in interest during all said period, both before and after the entry of said decree, have constantly, uninterruptedly and openly claimed and used the waters of said springs for domestic and irrigation purposes adversely to all the world and without claim therefor on the part of respondents or any of them.

So far as the litigation herein is concerned the above mentioned J. C. Whitehead is the predecessor in interest of appellant and the only past decreed rights it claims it is entitled to are by reason of the 1905 decree to him. The decreed priorities of respondents are superior in point of time to appellant's. By the amended complaint appellant asks to quiet title to the flow of the springs involved in addition to the 2.5 cubic feet awarded its predecessor in interest, John C. Whitehead in the 1905 decree, and to change the point of diversion and use thereof.

Respondents' assertion of *res judicata* is correct because the 1905 decree was exclusive and conclusive as to the waters of Maple Creek and its tributaries, it reciting:

"It is further ordered, adjudged and decreed that the said plaintiff, the said defendant, and each and every of the

interveners, their agents, servants, or employees and successors in interest, be and they and each of them are hereby perpetually enjoined and restrained from in any manner interfering with the free flow of said waters of Maple Creek, and its several tributaries, except as herein adjudged and decreed to the said respective parties, and in the order of their several priorities.''

True, these springs were not mentioned in the 1905 suit, but the subject matter of that litigation was the waters of Maple Creek and these springs then were and now are, clearly, unless interfered with, tributary to and augment the flow of Maple Creek; hence, appellant's predecessor in interest should have claimed all the water in the creek he was entitled to, and the 1905 decree declares 2.5 cubic feet is all Whitehead was entitled to, which concededly does not cover the flow of these springs which is now claimed in addition to the 2.5 cubic feet awarded in said previous decree.

Whatever water in Maple Creek or its tributaries was claimed by appellant or its predecessors in interest, in the previous case could and should have been litigated, therefore they will now be held to have been litigated, hence the 2.5 cubic feet awarded as of 1885 is all the decreed water appellant has as derived from Whitehead. (*Joyce v. Murphy Land etc. Co.*, 35 Ida. 549, 208 Pac. 241; *South Boise Water Co. v. McDonald*, 50 Ida. 409, 296 Pac. 591; *Marshall v. Underwood*, 38 Ida. 464, 221 Pac. 1105.)

The trial court herein found with regards to the claim of prescription:

''That plaintiff and its predecessors in interest have used the said 2.5 cubic feet per second of the waters of said Maple Creek above described, continuously, uninterruptedly, openly, notoriously and in hostility to defendants and all the world, and with claim of right thereto, under the said previous decree of this court, dated October 16th, 1905, and with claim of right thereto, as of the year 1885; but has not peaceably or without interference or adverse claims used the waters of any of said springs whether arising on the lands of said plaintiff or upon the lands of defendant Charles Baker, nor has the plaintiff or its predecessors in interest operated or maintained a ditch or pipe line for a distance of approxi-

mately 75 feet or at all, or used the easement aforesaid or at all, peaceably or uninterruptedly and with claim of title aforesaid, to the amount of one-third of one cubic foot of water per second of time, or for a beneficial purpose, or for agricultural purposes, or for culinary use or for the irrigation of crops and orchard, except from the 31st day of October each year up to and until the 31st day of March each year, and after the 1st day of April each year when the waters of said Maple Creek are more than sufficient to supply the prior decreed rights in and to said waters of said Maple Creek, and that any use of any of the waters of said springs or any of them after the waters of Maple Creek become insufficient during the irrigation season to supply the water rights of prior decreed owners of same has been as a licensee to the use of water through the pipe line from said springs to the house on said premises for culinary purposes, and for any further use of said waters by said plaintiff or its predecessors in interest has been without the knowledge or consent of any of the cross-complainants herein, and in violation of the said decree of this court dated October 16th, 1905.''

Appellant's main contention is that the entire record shows a prescriptive right with respondent's knowledge of the adverse use, and that the court erred in making the above finding, citing among other authorities, *Gurnsey v. Antelope Creek etc. Water Co.*, 6 Cal. App. 387, 92 Pac. 326, which is in point but when analyzed and cases following it are scrutinized we find this to be the law: When the use of water is not secret or clandestine, but open, visible and notorious, a *presumption* of knowledge follows. *Barnes v. Daveck*, 7 Cal. App. 220, 94 Pac. 779, 782, which cites *Franz v. Mendonca*, 131 Cal. 205, 63 Pac. 361, 363, where the reason and rule is set forth at length:

'' 'The right must have been asserted under claim of title and the knowledge and acquiescence of the owner of the land (right of way). . . . . Defendant's knowledge and acquiescence of plaintiff's claim may well have been inferred from the facts. This was a matter for the court to determine as a fact in the light of the relations between the parties and of the surrounding circumstances.' . . . . In *Cox v. Forrest*, 60 Md. 74, 79, the court, in an action to recover damages for

obstructing a private right of way said: 'By "adverse" is meant a user without license or permission, for an adverse right of an easement cannot grow out of a mere permissive enjoyment; the real point of distinction being between a permissive or tolerated user, and one which is claimed as a matter of right. Where one, however, has used a right of way for twenty years, unexplained, it is but fair to presume the user is under a claim of right, unless it appears to have been by permission'. Mr. Justice Story, in *Ricard v. Williams*, 7 Wheat. 59, 105, 5 L. Ed. 409, in speaking of the inference to be drawn from possession said: 'Possession *per se* evidences no more than the mere fact of present occupation by right, for the law will not presume a wrong. From the very nature of the case, therefore, it must depend upon the collateral circumstances what is the quality and extent of the interest claimed by the party, and to that extent only will the presumption of law go in his favor.' These cases lay down the general principles by which the question whether the use was adverse should be determined. The question is one of fact for the trial court, and it is the duty of the judge of the trial court to grant a new trial whenever he is satisfied that the verdict or finding is contrary to the weight of evidence.''

The law of this case was reaffirmed in *Franz v. Mendonca*, 146 Cal. 640, 80 Pac. 1078.

''When the use is not secret or clandestine, but open, visible, and notorious, the presumption of knowledge follows. The burden is in the first instance upon the plaintiff to prove his title by prescription. After showing the continuous occupancy and use of the water, as though he were the owner, for more than 5 years, he establishes a *prima facie* case. It then devolves upon the defendant to show that the use was permissive, or without the knowledge of the defendant.'' (*Silva v. Hawn*, 10 Cal. App. 544, 102 Pac. 952, 955.)

It will be noted, however, the court says the open and notorious use raises a *presumption* of knowledge. If merely a presumption then of course it may be rebutted or overcome by positive evidence. The courts clearly hold the presumption of knowledge from the use may be rebutted. (*Hodgkins v. People's Water Co.*, 177 Cal. 730, 171 Pac. 945, 946;

*Cheda v. Southern Pac. Co.*, 22 Cal. App. 373, 134 Pac. 717, 719; *Silva v. Haven, supra.*) If there be such evidence it must follow, if the issue be one of fact, that the positive evidence of lack of knowledge may overcome the presumption, and a finding that there was no knowledge will, therefore, under the rule be sustained. (See, also, *Smith v. Duff*, 39 Mont. 374, 102 Pac. 981, 982, 133 Am. St. 582.)

"What has been quoted shows conclusively that it was under a claim of right as the parties diverting it exercised the usual acts of ownership. The diversion was open and notorious, effected by means of artificial contrivances which not only could be seen, but were actually seen by representatives of appellants. The court below, from this long-continued use, might have presumed the knowledge and acquiescence of appellants; but it had the direct statements of the witnesses clearly revealing such knowledge and acquiescence. As the question of taxes is not involved, no element of title by prescription is wanting." (*Evans Ditch Co. v. Lakeside Ditch Co.*, 13 Cal. App. 119, 108 Pac. 1027, 1031.)

"That the defendant openly and notoriously used water is not disputed, and that plaintiff, the owner, introduced no evidence tending to show want of knowledge upon her part must be conceded. We think that all of the elements of the hostile and adverse use for the period named are fully established. (Underscoring ours.) (*Cheda v. Southern Pac. Co.*, 22 Cal. App. 373, 134 Pac. 717, 719.)

While the court could not find the contrary of what would be so obvious that it could not legitimately be denied, if the evidence be such that reasonable minds might differ as to whether the use shown was adverse, under claim of hostile right, or with permission, the finding either way, of knowledge, the extent of knowledge, or lack of knowledge, and what the claim of user was, would be controlling. That is the chief purpose of the trier of fact.

If the court, on conflicting evidence, may find the use was not permissive, but with knowledge of adverse claim, by the same token he may, if there be evidence, as there was here, find that it was with permission, or without knowledge. (*Willits Water & Power Co. v. Landrum*, 38 Cal. App. 164,

175 Pac. 697; *Kelley v. Smith*, 47 Ida. 368, 370, 276 Pac. 302.) The negative or reverse of the expression of the rule in *Turner v. Bush*, 43 Cal. App. 309, 185 Pac. 190, 191, must be equally sound:

"But that rule is especially for the guidance of the trial court. The principle which controls us is that, if there is any substantial evidence in the record from which a rational inference may be drawn that said elements of prescriptive right exist, then this court as an appellate tribunal is bound by the finding of the trial court.

"On the other hand, when plaintiff claiming the easement by adverse user, has made a *prima facie* showing of a prescriptive title to the easement, then it is incumbent upon the defendant, by sufficient affirmative proof, to show that the use has been by virtue of a license or permission, or any other defense which would destroy the *prima facie* showing of title made by plaintiff. (Cases.) And upon a *prima facie* showing of title by the plaintiff, it is solely the province of the trial court to determine whether the same has or has not been overcome or dispelled by evidence presented by the defendant." (*Costello v. Sharp*, 65 Cal. App. 152, 223 Pac. 567, 569.)

The burden is on the claimant to prove all the elements of prescription:

" . . . . If plaintiff acquired a right to more water after defendant's entry by adverse use for a period of five years, the burden was upon plaintiff to show that fact." (*Haight v. Costanich*, 184 Cal. 426, 194 Pac. 26, 30.)

"Moreover, when the plaintiff had proved a continuous free occupancy and use of the water for a period of 40 years as though he were the owner, he established a *prima facie* case. It then devolved upon the defendant to show that plaintiff's use was permissive or without the knowledge of the defendant." (*Holloway v. Holloway*, 51 Cal. App. 445, 196 Pac. 926, 928.)

" 'While one who asserts a prescriptive right to take water from a stream or other source must assume the burden of establishing it, proof of the continuous occupancy and use of the water as though he were the owner, for more than five years, establishes a *prima facie* case. It then devolves upon

the original owner to show that the use of the water was permissive only or without his knowledge.'" (*Morgan v. Walker*, 217 Cal. 607, 20 Pac. (2d) 660, 663, 664.)

"As to the law, it is vigorously argued that, since a water right is a mere right to the use of water . . . . possession of it in any manner capable of giving notice is impossible. If this be correct, there can be no such thing as title to a water right by prescription, since such title must be founded upon a possession no less open and tangible than the possession here pleaded; yet such title to a water right can be acquired. . . . . Difficulties in the way of proof there may be, but it seems to us perfectly clear that such use as respondent pleads ought to be enough to put a purchaser upon notice.

"The burden to establish it was, however, upon the respondent, . . . . and the serious question is whether the respondent has successfully carried that burden." (*Custer Consol. Mines Co. v. City of Helena*, 52 Mont. 35, 156 Pac. 1090, 1092.)

"Even actual knowledge of the user is insufficient for prescription, however, if the use made may properly be referred to some established right of claimant and there is no knowledge or notice that he is exercising it in excess of, or adversely to, such right." (67 C. J. 950, 402.)

*Zosel v. Kohrs*, 72 Mont. 564, 234 Pac. 1089, which, on a situation somewhat similar, supports the above pronouncement is especially applicable, in that therein the claimant attempted to assert a prescriptive right after and in addition to a decreed right as herein (2.5 cubic feet per second to Whitehead against the prior decreed rights).

"Counsel for Blakely cite authorities to the effect that, in an action to establish title to real estate by adverse possession, such declarations made by the claimant are admissible to show that the possession was hostile and the quality and extent of the interest claimed etc. (cases) and assert there is no difference in the character of proof required to establish adverse use of the water and that of real estate. Counsel's statement is not strictly accurate. While in each instance the right is established by proof of hostile possession of another's property, with proof of other attending circumstances, the hostile possession of lands may be shown

by proof of 'such acts of ownership and occupancy as are sufficient to "hoist his flag" over the lands, so that all may observe it' (*Collins v. Thode*, 54 Mont. 405, 170 Pac. 940), and such exclusive possession of necessity ousts the true owner from the land; two parties may at the same time be in possession of water from a creek and neither hold adverse to the other; each may justly claim the right to use the water he is using, without affecting the rights of the other, and therefore, in order to constitute adverse possession of water, the burden is upon the claimant to show that his use of the water deprived the prior appropriators of water at times when such prior appropriators actually needed the water; the use does not become adverse until it interferes with the use thereof by the prior appropriators, and therefore proof merely that the claimant used water and claimed the right to use it is no proof whatever of adverse use. (Cases.) While the elements of adverse possession of the two classes of property are the same, owing to the difference in their nature, the proof of hostile possession thereof necessarily differs. No error was committed in excluding the offer of proof.' (Underscoring ours.) (*St. Onge v. Blakely*, 76 Mont. 1, 254 Pac. 532, 536.)

Use must be accompanied with claim adverse to and inconsistent with the adversaries rights and use of the property. (*Bower v. Kollmeyer*, 31 Ida. 712, 717, 175 Pac. 964; *Koon v. Empey*, 40 Ida. 6, 13, 231 Pac. 1097; *Kelley v. Smith*, 47 Ida. 368, 370, 276 Pac. 302; *Brossard v. Morgan*, 7 Ida. 215, 61 Pac. 1031.)

The pertinent part of *St. John Irrigating Co. v. Danforth*, 50 Ida. 513, 298 Pac. 365, as applied herein would authorize the holding that if the two springs involved herein are part of Maple Creek waters they were adjudicated adversely to appellant, because his water right as adjudicated is subsequent to respondents'. Of course, as indicated therein and in *Mellen v. Great Western Beet Sugar Co.*, 21 Ida. 353, 122 Pac. 30, Ann. Cas. 1913D, 621, though so adjudicated, the waters of the springs could be later acquired by prescription, but the trial court found they were not. All of respond-

ents testified positively and directly they had no notice or knowledge of appellant's claim or use of the water as being adverse to their rights; the court therefore, under the above authorities, was justified in finding and concluding no prescriptive right had been established.

The holding in the Mellen case, *supra,* justifies us in holding that the trial judge having found lack of knowledge on the record before us, we should affirm him. (*Pence v. Shivers,* 40 Ida. 181, 185, 232 Pac. 568.)

Having no right to the use of the water as such, of the springs involved herein, the question of change of place of use thereof need not be considered. This disposes of the substance of all the errors assigned.

Judgment affirmed. Costs to respondents.

Morgan and Ailshie, JJ., concur.

Budge, J., being disqualified, did not participate.