801 P.2d 1291

**BOISE–KUNA IRRIGATION DISTRICT and Boise Project Board of Control, Plaintiffs–Counterdefendants–Respondents,**

v.

**Claude GROSS, Defendant–Counterclaimant–Appellant.**

**No. 17927.**

Court of Appeals of Idaho.

Nov. 26, 1990.

Alexanderson, Davis, Rainey, Whitney & Kerrick, Caldwell, for defendant-counterclaimant-appellant. Ronald P. Rainey argued.

Clemons, Cosho & Humphrey of Boise and Givens, Pursley, Webb & Huntley, Boise, for plaintiffs-counterdefendants-respondents. Randall C. Fredericks argued.

SWANSTROM, Judge.

. This is an appeal from a summary judgment of the district court dismissing the defendant's claim of a water right under the theory of adverse use. For reasons stated below, we affirm.

In 1987 Boise–Kuna Irrigation District and Boise Project Board of Control (hereafter Boise–Kuna) brought this action to enjoin Claude Gross from using the "Golden Drain", a collector-drain ditch, to irrigate Gross's farm. Boise–Kuna asserted that Gross had no right to use the Golden drain and no right to divert any water from it.

Gross filed a counterclaim. He first alleged, in Count 1, that by reason of an oral agreement between Gross's father and Boise–Kuna in 1936 he had the right to use the Golden Drain as an integral part of the irrigation system for his property. He alleged that in exchange for his agreement to maintain the ditch through his property and his payment of ten dollars annually to Boise–Kuna, he and his father were given the right to use the ditch and to use all of the water flowing in the ditch for irrigation of his eighty-acre farm. Gross's counterclaim contained a second count alleging that Gross and his father had acquired a water right because of their continuous use since 1918 of the water flowing in the ditch.

Boise–Kuna moved for summary judgment on Gross's counterclaim. Affidavits in support of the motion alleged that Boise–Kuna since 1926 has had an easement for the Golden Drain through Gross's property; that Boise–Kuna collects runoff water in the Golden Drain from various properties and conveys the water to persons with established rights to the use of the water; that Gross, by diverting water from the Golden Drain without authority or right, was interfering with the rights of other property owners downstream from Gross's property.

A hearing was held on Boise–Kuna's motion for summary judgment. Additional affidavits and Gross's deposition were submitted to the district court. In a comprehensive and well-written memorandum decision, the court granted a partial summary judgment dismissing Gross's adverse possession claim.[1] The court ruled, however, that genuine issues of fact existed as to

---

1. The district court construed the allegations in Count 2 as stating a claim for a water right acquired by adverse use for the prescriptive period. It is not at all clear from this pleading what legal theory was intended to support the claim of a water right in Count 2. The factual elements of adverse possession are not pled, nor do the terms "adverse use", "adverse possession" or "prescriptive use" appear in Count 2. Apparently, the potential legal theories of the case were discussed at the hearing on the motion for summary judgment. We have not been furnished with a transcript of that hearing but the court minutes indicate the district judge sought clarification from both counsel on several matters. Following this hearing, the district court determined that factual allegations made by Gross would also support a claim for a water right acquired by appropriation and beneficial use of water and that an amended counterclaim should be filed, containing this additional Count. I.R.C.P. 15(b).

Gross's contractual claim. Additionally, the court ruled that Gross should file an amended counterclaim to allege a so-called "constitutional" right through appropriation and application of water to a beneficial purpose. The court set a date for a jury trial of these two claims. Before the trial was held, however, the parties stipulated to certain facts and agreed to the dismissal of Gross's contract and appropriation claims, without prejudice. Gross also preserved his right to appeal from the summary dismissal of his claim under the adverse use theory. This appeal followed.

The dispositive issue on appeal is whether—on Gross's adverse use claim—there exists a genuine issue of material fact and whether Boise–Kuna, the moving party, is entitled to summary judgment as a matter of law. *Berg v. Fairman*, 107 Idaho 441, 690 P.2d 896 (1984). In meeting this standard, initially the burden is placed upon the moving party. However, once the moving party has supported the motion, the burden shifts to the nonmoving party to establish that controverted material facts exist. I.R. C.P. 56(e). In addition, when ruling on a motion for summary judgment, the facts are to be liberally construed in favor of the party opposing the motion, and in a case that is to be tried before a jury, the nonmoving party is to be accorded the benefit of all favorable inferences which might be reasonably drawn from the evidence. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982).

Our Supreme Court has held that in order "[t]o gain title to another's water right by adverse possession ... the adverse claimant must demonstrate that his use was 1) open and notorious; 2) hostile to the claim of the rightful owner; 3) exclusive of the use and needs of the rightful owner; 4) continuous and uninterrupted; 5) under claim of right; 6) for the period prescribed by statute, *i.e.*, five years." *Crow v. Carlson*, 107 Idaho 461, 466, 690 P.2d 916, 921 (1984).

Gross's counterclaim alleges adverse use only in very general terms without refer-

ence to the elements of adverse possession. However, in response to the motion for summary judgment, Gross filed two affidavits. In the second affidavit, Gross stated:

Since 1918, affiant's father and affiant have claimed the right to use and, in fact, have used the water in the ditch, including the waste water amounting to 50 inches. Affiant's and affiant's father's use of the ditch and the waste water has always been open, notorious, continuous and interrupted, [sic] under a claim of right, and with the knowledge of the plaintiffs and their representatives.

Gross's deposition was also taken before the district court's final summary judgment decision was made. Although this deposition primarily deals with Gross's contractual claim, the deposition also contains some statements supporting the adverse use theory. In any event, for the purposes of summary judgment, we hold that Gross has stated facts sufficient to establish all but one of the elements of adverse use. The one element which Gross has neither established nor alleged is that his "adverse" use of water was "exclusive of the use and needs of the rightful owner." *Crow v. Carlson*, 107 Idaho at 466, 690 P.2d at 921.

In *Sears v. Berryman*, 101 Idaho 843, 846–47, 623 P.2d 455, 458–59 (1981), our Supreme Court stated:

The character of proof required to establish adverse possession to water is not precisely the same as that required for land. As stated in *Village of Fairview v. Franklin, Etc. Irr. Co.*, 59 Idaho 7, 17, 79 P.2d 531, 535 (1938), in reference to the requirement of exclusiveness, and quoted with approval in *Mountain Home Irrigation District v. Duffy*, 79 Idaho 435, 440, 319 P.2d 965, 967 (1957); *Linford v. G.H. Hall & Son*, 78 Idaho 49, 54, 297 P.2d 893, 896 (1956); *Follett v. Taylor Brothers*, 77 Idaho 416, 423, 294 P.2d 1088, 1092 (1956); and *Graham v. Leek*, 65 Idaho 279, 290, 144 P.2d 475, 480–81 (1943):

"[T]wo parties may at the same time be in possession of water from a creek

and neither hold adverse to the other; each may justly claim the right to use the water he is using, without affecting the rights of the other, and therefore, in order to constitute adverse possession of water, *the burden is upon the claimant to show that his use of the water deprived the prior appropriators of water at times when such prior appropriators actually needed the water;* the use does not become adverse until it interferes with the use thereof by the prior appropriators, *and therefore proof merely that the claimant used water and claimed the right to use it is no proof whatever of adverse use."* [Emphasis original.]

In the first affidavit filed by Claude Gross in opposition to the motion for summary judgment, he stated that his diversion of live water and waste water from the Golden Drain "has absolutely no adverse impact on any other water user or water right." He went on to say that the diversion of waste water "has caused no difficulty for any other water user for any year including 1984 to present when [Boise–Kuna] has complained about said diversions." The memorandum which Gross filed in opposition to Boise–Kuna's motion for summary judgment argued similarly. Gross alternatively stated, for purposes of his contract theory (Count 1), that since 1936 he had used the waste water in the Golden Drain pursuant to an oral agreement with Boise–Kuna. Such a use would not be adverse to the interests of the owner. Thus, under any of Gross's allegations, he has not alleged an adverse use within the meaning of the *Sears v. Berryman* line of cases cited above.

The district court noted, nevertheless, that Boise–Kuna submitted affidavits alleging that Gross's use of waste water was without permission and the use in 1987 —a low water year—interfered with the District's distribution of available water to the persons entitled thereto.[2] Thus, the district court was faced with factual allegations by the nonmoving party which actually supported the motion *for* summary judgment, while the moving party's allegations tended to supply the missing element of the claim for adverse use. The district court cannot be faulted for construing these conflicting factual allegations in favor of Gross, the nonmoving party. Nevertheless, the district court held that the allegations fell far short of showing that Gross used waste water during any five consecutive years when prior appropriators of the water actually needed it and were deprived of it by Gross. After a careful review of the record we conclude that the district court did not err in granting summary judgment to Boise–Kuna on this basis. Accordingly, we affirm the summary judgment entered by the district court. Costs to respondents. No attorney fees awarded on appeal.

WALTERS, C.J., and BENGTSON, J. Pro Tem., concur.

---

**2.** We note that in 1969, I.C. § 42–607 was amended by adding the following language to the statute: "So long as a duly elected watermaster is charged with the administration of the waters within a water district, no water user within such district can adversely possess the right of any other water user." For a brief but inconclusive discussion of the effect of this amendment see *Sears v. Berryman,* 101 Idaho 843, 846, 623 P.2d 455, 458 (1981), citing *DeRousse v. Higginson,* 95 Idaho 173, 505 P.2d 321 (1973) and *Big Wood Canal Co. v. Chapman,* 45 Idaho 380, 263 P. 45 (1927). We do not need to decide here the effect of the statute upon Gross's adverse possession claim and, in any event, the facts are not sufficiently developed in our record for its application. We acknowledge the statute but our opinion today is made independent of it.